4 So.2d 193
## AUBURN PRODUCTION CREDIT ASS'N v. CALLAHAN.

5 Div. 125.

Court of Appeals of Alabama.

Oct. 7, 1941.

Jacob A. Walker, of Opelika, C. E. Fuller, Jr., of Lafayette, and R. E. Spivey, Jr., of New Orleans, La., for appellant.

Will O. Walton and D. W. Jackson, both of Lafayette, for appellee.

**RICE, Judge.**

Appellant originally filed a bill on the equity side of the court below concerning the matters involved in this suit. The questions there raised are found fully discussed in the opinion by the Supreme Court deciding them on appeal. See Callahan v. Auburn Production Credit Association, 240 Ala. 104, 197 So. 347, 349, 129 A.L.R. 893.

Following the decision just noted, appellant—the case being duly transferred to the law side of the court—filed its complaint in this suit consisting of twenty-six counts.

Counts 1 to 6, inclusive, are for the conversion by the appellee on six different dates of specified cattle, the property of appellant.

Counts 7 to 12, inclusive, are for money had and received.

Counts 13 to 18, inclusive, are, likewise for money had and received—with, we might say, explanation of the claim.

Counts 19 to 26, inclusive, are for the destruction of the lien of the appellant on certain cattle.

The facts necessary to an understanding of all that we shall say are ascertainable from the opinion of the Supreme Court above noted. We see no need to repeat their recital.

Appellee filed a plea of the "general issue in short by consent, with leave, etc.," as is now well understood by the profession.

On a trial before a jury verdict was returned in favor of appellee. From the ensuing judgment this appeal is taken.

Appellant's counsel have filed here an able and voluminous brief; so able and voluminous, in fact, that it is difficult for us not to be diverted from what we consider the decisive factors apparent.

We will not, as indicated above, narrate again the provisions of the mortgage held by appellant on cattle belonging to *Russell Walker,* for the purchase—or alleged purchase—of which appellee is here being sued. The reader must refer to the report of the case of Callahan v. Auburn Production Credit Association, supra.

There may have been testimony from which a slight but permissible inference could be drawn that appellee purchased from Russell Walker "one crippled cow" covered by and included in appellant's said mortgage. But if so, it was disputed, and the issue thus raised submitted properly and without error to the jury trying the case.

The main, and as we read the record, decisive question in the case revolves around this circumstance, to-wit: It was shown without dispute that appellee purchased a number of cattle from Russell Walker which he *did not own* at the time he executed the mortgage to appellant, but which were acquired by him *subsequent* to the date of the execution of said mortgage. Appellant furnished Russell Walker the money with which to pay for these said cattle—the money thus furnished being a part of that for which the mortgage was executed. And appellant, each time it would so furnish Walker the money with which to purchase said cattle would take from him—or his vendor—a "bill of sale" covering the cattle immediately involved. But these "bills of sale" were never placed of record.

Now, because the mortgage executed to appellant by Russell Walker (and duly recorded) contained this provision: "Intending to convey and hereby conveying all livestock and other property of like kind or class owned by mortgagor as that hereinabove described, located on or used in connection with the aforesaid land, whether specifically described or not, and also all increase thereof *and additions thereto with-*

*in twelve months from the date hereof;"* and because the cattle here involved were, by purchase of Russell Walker from various people "additions thereto (that is to the cattle covered by and included *in* his mortgage to appellant) within twelve months from the date hereof (thereof);" and because appellant, by acquiring a "bill of sale" to said cattle had the legal title to same—even though merely as security for its loan to Russell Walker—appellant stoutly contends that appellee, who undoubtedly purchased said cattle from Walker, should be held liable to it.

But it seems to us this very question was decided adversely to appellant's contention by our Supreme Court in the case of Callahan v. Auburn Production Credit Association, supra.

There that Court said, categorically: "Cattle purchased by Walker after the execution of the mortgage and in which he had no interest at the time he executed the mortgage, *was not covered by the mortgage.* [Italics ours.]" And, as if to reinforce the pronouncement just quoted, the court went on to say: "Therefore if the language of the mortgage 'also all increase thereof and additions thereto within twelve months from the date thereof' should be construed as intending to embrace cattle purchased by the mortgagor after the execution of the mortgage, it to that extent failed of its purpose."

We gather from a reading of the opinion on rehearing in the said case of Callahan v. Auburn Production Credit Association, supra, that appellant's distinguished counsel were immensely displeased with the decision in that case. But the same is binding upon *us.* Code 1940, Title 13, Sec. 95. And decides the essential question, here.

While appellant's brief filed here, which we have already complimented, is indeed in many respects a masterpiece of legal craftsmanship, it, as a matter of fact, presents but few questions for us to *decide.*

The Supreme Court, as hereinabove noted, has decided the *main* one. We follow, and adopt, its quoted holding.

This, as we read appellant's brief, disposes of *one* of its contentions for error on the trial below: The refusal of the trial court to give to the jury at its request the general affirmative charge to find in its favor.

Its written requested charge No. 2 was refused without error; as was its motion to require appellee to produce the permit or license which he had received to do business as a cattle dealer in Alabama under the Act of 1936 commonly referred to as the "Hare Anti Cattle Rustling Act." See Gen. and Local Acts Ala. Extra Session 1936, p. 222 et seq; Second (1936) Supplement to Michie's Code of Alabama of 1928, Secs. 4935 (31)–4935 (41), Code 1940, Tit. 2, § 384 et seq.

Both assume that appellee was subject to said Act—whereas there was no proof of such fact. And moreover, whether he was, or whether he was not, appears to us to be immaterial to any issue in this case.

There is error in no ruling or action of the trial court urged upon our consideration.

And the judgment must be affirmed. It is so ordered.

Affirmed.